Joyce M. KRAUS, Special Administratrix of the Estate of Kenneth Kraus, Deceased, Plaintiff,

v.

BOARD OF COUNTY ROAD COMMISSIONERS FOR the COUNTY OF KENT and Board of County Road Commissioners for the County of Newaygo, jointly and severally, Defendants.

Misc. No. 317.

United States Court of Appeals Sixth Circuit.

Aug. 19, 1966.

William J. Addison, Cholette, Perkins & Buchanan, Grand Rapids, Mich., Sam F. Massie, Jr., Allaben, Massie, Vander Weyden & Timmer, Grand Rapids, Mich., for applicants.

Richard M. Van Orden, Bergstrom, Slykhouse, Shaw, Van Orden, De Young & Boyles, Grand Rapids, Mich., for respondent.

Before PHILLIPS, EDWARDS and CELEBREZZE, Circuit Judges.

PHILLIPS, Circuit Judge.

These consolidated cases are before the court on the application of defendants for leave to take an interlocutory appeal under 28 U.S.C. § 1292(b),[1] from an order of the district court denying their renewed motion for summary judgment.

Following an automobile accident which occurred August 27, 1960, actions for wrongful death were brought against the Board of County Road Commissioners of Kent and Newaygo Counties, Michigan, jointly and severally, upon the theory that either one or both of the County Boards failed to keep the roads where the accident occurred in reasonable repair and in condition reasonably safe and fit for public travel. A number of defenses were asserted in the answers of defend-

---

1. 28 U.S.C. § 1292(b)

"(b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order; * * *"

ants, including the failure of plaintiffs to give written notice of claim within sixty days of the date of the accident as provided by M.S.A. § 9.121, Comp.Laws Supp.1961, § 224.21. Upon the basis of this defense, defendants filed a motion for summary judgment, which was overruled by the district judge December 30, 1964. In his published opinion, the district judge ruled that the Michigan statute requiring notice within sixty days of injuries caused by defective roads does not apply to an action for wrongful death. 236 F.Supp. 677.

Jury trial was commenced in May 1966. The district court granted a motion for mistrial because of interjection on voir dire examination of the fact of insurance coverage in the background of one of the defendants.

On June 30, 1966, the district court overruled renewed motions for summary judgment, and inserted in its order a certification as provided by 28 U.S.C. § 1292(b) (footnote 1) to the effect that the case involves a controlling question of law as to which there are substantial grounds for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation.

Section 1292(b) was enacted in 1958, following a study by a committee of the Judicial Conference of the United States, and was endorsed by the Judicial Conference. The purpose of this legislation was explained in the report of the committee, of which the late Judge Shackelford Miller, Jr., of this court was a member, as follows:

> "[W]e have given consideration to the action taken by the circuit conferences and have reached the conclusion that provision should be made for the allowance of appeals from the interlocutory orders in those exceptional cases where it is desirable that this be done to avoid unnecessary delay and expense and that the danger of opening the door to groundless appeals and piecemeal litigation can be avoided by proper limitations to be included in the amendatory statute. * * *

> "Your Committee is of the view that the appeal from interlocutory orders thus provided should and will be used only in exceptional cases where a decision of the appeal may avoid protracted and expensive litigation, as in antitrust and similar protracted cases, where a question which would be dispositive of the litigation is raised and there is serious doubt as to how it should be decided, as in the recent case of Austrian v. Williams (2 Cir. 198 F.2d 697). It is not thought that district judges would grant the certificate in ordinary litigation which could otherwise be promptly disposed of or that mere question as to the correctness of the ruling would prompt the granting of the certificate. The right of appeal given by the amendatory statute is limited both by the requirement of the certificate of the trial judge, who is familiar with the litigation and will not be disposed to countenance dilatory tactics, and by the resting of final discretion in the matter in the court of appeals, which will not permit its docket to be crowded with piecemeal or minor litigation."

The report of the Senate Judiciary Committee contains the following language:

> "However, while it may be desirable to permit appeals from any interlocutory order in certain instances, the indiscriminate use of such authority may result in delay rather than expedition of cases in the district courts. * * *

> "The granting of the appeal is also discretionary with the court of appeals which may refuse to entertain such an appeal in much the same manner that the Supreme Court today refuses to entertain applications for writs of certiorari.

> "It should be made clear that if application for an appeal from an interlocutory order is filed with the court of appeals, the court of appeals may deny such an application without specifying the grounds upon which such a denial is based. It could be

based upon a view that the question involved was not a controlling issue. It could be denied on the basis that the docket of the circuit court of appeals was such that the appeal could not be entertained for too long a period of time. But, whatever the reason, the ultimate determination concerning the right of appeal is within the discretion of the judges of the appropriate circuit court of appeals." U.S.Code Congressional and Administrative News, 85th Congress, 2d Sess., 1958, pp. 5256–5257.

As well said by Judge Maris in Milbert v. Bison Laboratories, 260 F.2d 431, 433 (C.A.3):

"It is quite apparent from the legislative history of the Act of September 2, 1958 that Congress intended that section 1292(b) should be sparingly applied. It is to be used only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation."

Although it is not incumbent upon this court to express our reasons for granting or denying an application for permission to take an interlocutory appeal, we do so in the present case. We conclude that this case is not within the class of interlocutory appeals contemplated by the statute (footnote 1). Sperry Rand Corp. v. Bell Telephone Laboratories, Inc., 272 F.2d 29 (C.A.2); United States v. Woodbury, 263 F.2d 784 (C.A.9); Milbert v. Bison Laboratories, supra; Wright, The Interlocutory Appeals Act of 1958, 23 F.R.D. 199; 1 Barron and Holtzoff, Federal Practice and Procedure (Wright Ed.) § 58.1. This statute was not intended to authorize interlocutory appeals in ordinary suits for personal injuries or wrongful death that can be tried and disposed of on their merits in a few days. Haraburda v. United States Steel Corp., 187 F.Supp. 86, 94 (W.D.Mich.).

The granting of an interlocutory appeal in the present case would not "materially advance the ultimate termination of the litigation." Many months would be required before the case would be reached for argument on the congested docket of this court. If we grant the appeal and then should affirm the order of the district court based upon the opinion published in 236 F.Supp. 677, the case then would be remanded to the district court for trial on its merits.

On the other hand, it would appear that only a few days would be required for a jury trial and final disposition of the case in the district court. This procedure, which would avoid a piecemeal appeal, is preferable except in the extraordinary type of case contemplated by § 1292(b).

The application for leave to appeal is denied.