**USACO COAL COMPANY, et al., Plaintiffs,**

v.

**CARBOMIN ENERGY, INC., et al., Defendants.**

**Civ. A. No. C 81–0017 L(A).**

United States District Court,
W.D. Kentucky,
Louisville Division.

June 3, 1982.

Richard A. Getty, James R. Cox, Lisabeth Hughes, Greenebaum, Doll & McDonald, Louisville, Ky., for plaintiffs.

Joseph J. Golden, Louisville, Ky. for Westport and Worden.

Bert T. Combs, Sheryl G. Snyder, M. Stephen Pitt, Wyatt, Tarrant & Combs, Louisville, Ky., for Carbomin, Columbia and Schierack.

MEMORANDUM OPINION

ALLEN, Chief Judge.

This action is submitted to the Court on the defendants' motion to certify its *forum non conveniens* question to the United States Court of Appeals for the Sixth Circuit. This Court has twice denied the defendants' motion to dismiss on the basis of 28 U.S.C. Sec. 1404(a). The defendants argue that though venue and jurisdiction may be proper in this district, the action would be substantially more conveniently brought in the Federal Republic of Germany.

The present motion, brought under 28 U.S.C. Sec. 1292(b), seeks interlocutory appellate relief from our denial of the Sec. 1404(a) motion. The defendants ask that we certify the question to the Sixth Circuit on the ground that our order overruling the Sec. 1404(a) motion involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from that order may materially advance the ultimate termination of this litigation.

We have no doubt that the road before the parties and this Court will be long and arduous. Our belief stems from long experience, an extended hearing, a profusion of conferences, and volumes upon volumes of documents and papers filed on issues either directly or collaterally related to the subject of this litigation. That an order from the Circuit Court directing us to dismiss this action for inconvenience of forum would materially advance this litigation is incontrovertible, and the plaintiffs make no attempt to dispute this argument.

Further, there is a growing mood in the Federal courts in favor of 1292(b) certification where resolution of an action would be assured by a particular result in the Circuit Court. The seminal case for the Sixth Circuit's view on certification is *Kraus v. Board of County Road Commissioners,* 364 F.2d 919 (6th Cir. 1966). *Kraus* has been interpreted as standing for two ideas: (1) That only in exceptional circumstances shall a district court certify questions under Sec. 1292(b), see *In re April 1977 Grand Jury*

*Subpoenas,* 584 F.2d 1366, 1369 n. 3 (6th Cir.1978); and (2) that a district court should certify questions where continued litigation is substantially likely to involve undue time and expense and a circuit court resolution might obviate such litigation.

It seems clear that the more specific second instance should control where applicable, i.e., where certification is likely to render protracted litigation unnecessary the general "exceptional circumstances" rule must fall. It seems equally clear, as we have said, that a Sixth Circuit reversal of our order would virtually end this action for purposes of litigation in this district.

We must not end our inquiry here, however. The effect of a particular decision by the Sixth Circuit is only one question; accompanying it must be the question of the likelihood of a reversal of our ruling. We conclude that the likelihood of a reversal of our order denying dismissal is so unlikely as to preclude any need for certification.

The defendants have relied heavily in these motions on the recent Supreme Court decision of *Piper Aircraft Company v. Reyno,* 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). *Piper,* in reversing an opinion of the Court of Appeals for the Third Circuit, 630 F.2d 149 (3rd Cir.1980), reinstated the district court's decision at 479 F.Supp. 727 (M.D.Pa.1979), dismissing the action under Sec. 1404(a). In so doing the Supreme Court reaffirmed its previous decisions holding that

> (t)he *forum non conveniens* determination is committed to the sound discretion of the trial court. It may be reversed only when there has been a clear abuse of discretion; where the court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference.

(Citations omitted.) Id. 102 S.Ct. at p. 266.

In our previous order, we noted a number of factors that required us to retain this action, and to forego dismissal under Sec. 1404(a). These factors were heavily constituted by the facts of the instant action. We consider the progress of this action not

in order to penalize the defendants, but from a pure recognition of the current state of this action. We have issued a preliminary injunction, recently upheld by the Sixth Circuit, which injunction is now part of this action. This is one of a number of facts important to our determination that the action would be more reasonably prosecuted in this district.

Though we recognize the defendant's arguments concerning the *Piper* holding, among them that foreign nationals deserve less deference in opposing Sec. 1404(a) motions, we nevertheless think, for the reasons announced in prior opinions, that the action should remain here. In any event, perhaps the principal lesson of *Piper* is that such a judgment is a matter committed to our sound discretion, and it is most unlikely to be disturbed on appeal, interlocutory or otherwise. For these reasons, we will overrule the defendants' motion.

An order to this effect is today entered.