WASHINGTON INTERNATIONAL INSURANCE CO., PLAINTIFF *v.* UNITED STATES,
DEFENDANT

Court No. 81-12-01678

(Dated March 21, 1988)

*Wayne Jarvis, Ltd. (Wayne Jarvis)* and *Tribbler & Marwedel (Paul McCambridge)* for the plaintiff.

*John R. Bolton,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice *(A. David Lafer)* for the defendant.

*Sidney N. Weiss* for Kalan Inc., proposed *amicus curiae.*

## MEMORANDUM

AQUILINO, *Judge:* An order was entered on January 12, 1988 in this action denying defendant's motion to strike plaintiff's demand for trial by jury in accordance with Slip Op. 88-4, 12 CIT 11. On February 19, 1988, the defendant interposed a motion to certify that interlocutory order for immediate appeal to the Court of Appeals for the Federal Circuit pursuant to 28 U.S.C. § 1292(d)(1). Judge Watson, who joined in the January order and decision, and the chief judge, who dissented therefrom, have entered an order dated March 14, 1988 granting defendant's instant motion[1] and purporting to amend the earlier order.

The purpose of this memorandum is to set forth briefly the reasons why I believe the defendant is not entitled to the relief it requests.

The order granting its motion is not accompanied by any stated reasons therefor. *Cf. Isra Fruit Itd.* v. *Agrexco Agricultural Export Co.,* 804 F.2d 24, 25 (2d Cir. 1986) (appellate court expects that lower court will "normally" elaborate why question presented is considered "controlling"). Those reasons must be found in the governing statute, or not at all, in view of the "basic policy" that appeals of interlocutory orders are not favored in federal practice. *Coopers & Lybrand* v. *Livesay,* 437 U.S. 463, 474-75 (1975). Rather, the statute permits such appeals only

> when any judge of the Court of International Trade, in issuing any * * * interlocutory order, includes in the order a statement that a controlling question of law is involved with respect to which there is a substantial ground for difference of opinion and that an immediate appeal from that order may materially advance the ultimate termination of the litigation, [then] the United States Court of Appeals for the Federal Circuit may, in its discretion, permit an appeal to be taken from such order, if

---

[1] I was not apprised of the filing of their order until today, March 21, 1988. In addition to also granting the motion of Kalan Inc. for leave to appear as *amicus curiae* in opposition to defendant's motion, their order stays the January 12 order, although the effect of such stay is unclear. Also questionable is one judge's attempting to amend an order of another, barring unusual circumstances. *See, e.g., United States* v. *Wheeler,* 256 F.2d 745, 746-47 (3d Cir.), *cert. denied,* 358 U.S. 873, *reh'g denied,* 358 U.S. 913 (1958).

application is made to that Court within ten days after the entry of such order. 28 U.S.C. § 1292(d)(1).

Such a provision is of recent vintage, and it has come into existence essentially for exceptional, usually complex, cases where an interlocutory appeal might avoid protracted and expensive litigation. *See* Interlocutory Appeals Act, Pub.L. 85–919, 72 Stat. 1770 (1958); H.R. Rep. 1667, 85th Cong., 2d Sess. 1 (1958); S.Rep. 2434, 85th Cong., 2d Sess. 2–3 (1958); *and Sporck* v. *Peil,* 759 F.2d 312, 315 n. 4 (3d Cir. 1986), *cert. denied,* 474 U.S. 903 (1985); *McGillicuddy* v. *Clements,* 746 F.2d 76, 76 n. 1 (1st Cir. 1984); *In re Cement Antitrust Litigation,* 673 F.2d 1020, 1026–27 (9th Cir. 1982), *aff'd sub nom. Arizona* v. *Ash Grove Cement Co.,* 459 U.S. 1190 (1983); *Bersch* v. *Drexel Firestone, Incorporated,* 519 F.2d 974, 995 (2d Cir. 1975), *cert. denied,* 423 U.S. 1018 (1975); *Alabama Labor Council Local No. 1279* v. *Alabama,* 453 F.2d 922, 924 (5th Cir. 1972); *Kraus* v. *Board of County Road Commissioners,* 364 F.2d 919, 922 (6th Cir. 1966).

The action at bar is not a member of that class of cases. Moreover, the plaintiff made a timely demand for jury trial in its complaint served and filed in December 1982. For years thereafter, the defendant made no attempt, in its answer or otherwise, to oppose (or to resolve) the demand. Indeed, even after the action had been assigned to me and duly scheduled for trial, the defendant did not raise the issue until the eleventh hour.

After the defendant had belatedly interposed a motion to strike the jury demand, the plaintiff responded with an application pursuant to 28 U.S.C. § 255 for disposition of the motion to strike by a three-judge panel. The defendant opposed this application, arguing, among other things, that resolution of its motion would have "virtually *no* impact on Customs cases".[2]

The chief judge granted plaintiff's application in Slip Op. 87–41, 11 CIT 249, 659 F.Supp. 235 (1987), and defendant's motion to strike was thereafter thoroughly briefed and argued on all sides. Of course, proper practice counsels litigants who consider a pretrial issue to fall within the ambit of section 1292 to bring this view to the attention of the trial court before it enters its interlocutory order disposing of the issue. That practice was not followed by the parties here. Perhaps the reason for this was the existence of the three-judge bench to begin with. Indeed, there is some doubt in my mind that the framers of section 1292[3] intended interlocutory orders of such a court to be immediately appealable to another three-judge bench.[4]

---

[2]Defendant's Opposition to Plaintiff's Motion for Designation of a Three-Judge Court, p. 4 (emphasis in original).

[3]I note in passing that subsection (d)(1) refers to "judge" in the singular, not the plural.

[4]Prior to 1970, cases generally were decided by three-judge divisions of the Customs Court before right of appeal attached. It was not until enactment of the Customs Courts Act of 1970, which provided for single-judge decisions, with right of appeal to the Court of Customs and Patent Appeals, that Congress saw fit to allow for appeals of interlocutory orders by permission. *See* Pub.L. 91–271, 84 Stat. 274, § 102 (originally codified at 28 U.S.C. § 1541(b) and now at 28 U.S.C. § 1292(d)).

There is little doubt that the issue(s) covered by Slip Op. 88–4 are of "uncommon importance", but it is not as clear that the nature of the trier of fact is a "controlling question of law" within the meaning of section 1292. *Cf. Howard* v. *Parisian,* 807 F.2d 1560, 1567 (11th Cir. 1986); *In re Cement Antitrust Litigation,* 673 F.2d at 1027. To the extent the matter is controlling and there is substantial ground for differing views, it is hard to imagine a more impressive presentation in support of the government's position than the chief judge's dissenting opinion already on the record. Of course, this does not mean that the Court of International Trade is the final arbiter of the issue, simply that the issue will not escape higher-court review if not added immediately to the heavy docket of the Federal Circuit.

\*  \*  \*  \*  \*  \*  \*

The defendant not only did not seek certification at the time it pressed its motion to strike, it also waited more than 30 days beyond denial thereof to make its instant motion. The plaintiff argues that the motion is untimely.

The argument has some merit in view of 28 U.S.C. § 2645(b), which allows amendment of a decision or judgment of this Court, but only upon a motion "made not later than thirty days after the date of entry".[5] While Federal Rule of Appellate Procedure ("FRAP") 5(a) allows amendment of an interlocutory order to include a certification "at any time", section 2645(b) raises a question as to whether this Court has authority to entertain defendant's motion as a result of its timing.

Strict time limits exist for the purpose of expediting the finality of cases. Indeed, the 10-day limitation contained in section 1292 and in FRAP 5(a) on petitioning the court of appeals once an order containing certification has been entered was intended as "protection against delay". S.Rep. 2434, 85th Cong., 2d Sess. 3 (1958). *See also* 16 Wright & Miller, Federal Practice and Procedure § 3929 at 154 (1977 & Supp. 1987). At a minimum, defendant's delay in seeking interlocutory appeal has deflected any aim to "materially advance the ultimate termination of the litigation".

With regard to ultimate termination, the plaintiff stated in 1985 in its request for trial that presentation of its evidence "should be completed in one or two days." Review of defendant's proposed pretrial order, as well as all the other papers submitted herein, indicate that two days are sufficient for trial of the entire action. This being the case, I am unable to certify, in good conscience, that an immediate appeal of the January 12, 1988 interlocutory order may materially advance the ultimate termination of the litigation within the meaning of 28 U.S.C. § 1292(d)(1) and of CIT Rule 1 (there should be "the just, speedy, and inexpensive determination of every action").

---

[5]The same 30-day requirement is contained in 28 U.S.C. § 2646 (Retrial or rehearing).