**MAX DAETWYLER CORP.**

v.

**R. MEYER.**

Civ. A. No. 81–4712.

United States District Court,
E.D. Pennsylvania.

Dec. 8, 1983.

Manny D. Pokotilow, Caesar, Rivise, Bernstein & Cohen, Ltd., Philadelphia, Pa., for plaintiff.

Robert C. Podwill, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., Peter T. Cobrin, Stempler & Cobrin, New York City, for defendant.

## MEMORANDUM OPINION

LOUIS H. POLLAK, District Judge.

On April 13, 1983, I entered an Order denying defendant's motion to dismiss for lack of *in personam* jurisdiction. In a Memorandum, 560 F.Supp. 869, accompanying that Order I found that "[w]ere jurisdiction over defendant to be tested solely by his contacts with Pennsylvania, one would be hard pressed, on these facts, to find contacts sufficient to satisfy Fifth Amendment standards." But because plaintiff has asserted a claim under a federal statute against an alien defendant, I found that "jurisdiction may appropriately be determined on the basis of the alien's aggregated contacts with the United States as a whole, regardless of whether the contacts with the state in which the district court sits would be sufficient if considered alone." *Cryomedics, Inc. v. Spembly, Limited,* 397 F.Supp. 287, 290 (D.Conn. 1975). *See Worldwide Marine Trading Corp. v. Marine Transport Service,* 527 F.Supp. 581, 586–87 (E.D.Pa.1981). *See*

*also Alco Standard Corporation v. Benalal,* 345 F.Supp. 14, 24–25 (E.D.Pa.1972). Applying this "national contacts" analysis, I found that defendant had sufficient aggregate contacts with the United States to warrant a finding that personal jurisdiction exists in this court.

Soon after that order was entered, defendant filed the present motion with this court seeking certification of the question of *in personam* jurisdiction for appeal to the Court of Appeals for the Third Circuit under 28 U.S.C. § 1292(b). Following full briefing and oral argument on this issue, I find that certification is appropriate in this case.

As a general proposition it is, of course, the case that a matter may not be appealed to a court of appeals until a "final judgment" has been rendered by the district judge. However, Section 1292(b) creates an exception to the "final judgment" rule:

> When a district judge, in making in a civil action, an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

The court of appeals then has discretion to entertain, or decline to entertain the appeal.

▮ The questions to be considered by a district judge when deciding a motion for certification are (1) whether the motion to be appealed involves a controlling question of law, (2) whether there is substantial ground for difference of opinion with respect to the resolution of the issue to be appealed, and (3) whether an immediate appeal from the district court's decision could materially advance the ultimate termination of the litigation. When evaluating these factors, the court must remember that certification is generally not to be granted. Section 1292(b) was created as a means by which courts could, under a limited set of circumstances, avoid problems created by the final judgment rule; Section 1292(b) was not designed to circumvent the general rule against piecemeal litigation. A motion for certification should not be granted merely because a party disagrees with the ruling of the district judge.

The parties have not seriously disputed the existence of the first and third of the three factors which must be found in order to certify a question for appeal.

▮ The order sought to be appealed in the present case clearly involves a controlling question of law. A question is "controlling" if error in its resolution would warrant reversal of a final judgment or dismissal. *Katz v. Carte Blanche Corp.,* 496 F.2d 747, 755 (3d Cir.), *cert. denied,* 419 U.S. 885, 95 S.Ct. 152, 42 L.Ed.2d 125 (1974). The determination from which defendant seeks to appeal—the existence of *in personam* jurisdiction—would, if incorrect, presumably necessitate dismissal. Thus, the first element of § 1292(b) is met.

▮ Moreover, an immediate appeal from my ruling on *in personam* jurisdiction could materially advance the ultimate termination of the litigation. This is true, not only because the Court of Appeals would presumably direct dismissal of the suit if it disagreed with my analysis of jurisdiction, but also because a significant amount of time, funds, and effort will necessarily be expended by the parties and the court if this matter proceeds to resolution of the substantive merits of plaintiff's complaint. This case involves questions of patent law which will require extensive discovery, employment of expert witnesses, and investigation of numerous complex legal issues. A successful appeal from my jurisdictional decision before trial would resolve this matter without this cost to all involved in both time and resources. I therefore find that the delay inherent in appeal and the potential for multiple appeals (one now on the question of jurisdiction and another later following final judgment) are not so great as to outweigh the

potential cost to the parties and the court if this matter proceeds to trial and is later dismissed by the Court of Appeals on jurisdictional grounds.

■ The second element of the certification analysis, and the one on which the parties most clearly differ, is whether there is a substantial ground for difference of opinion on the issue to be appealed. The question whether a "national contacts" analysis is appropriate when evaluating personal jurisdiction in a federal question suit against an alien defendant is one on which no appellate court has ruled. However, the mere fact that the appeal would present a question of first impression is not, of itself, sufficient to show that the question is one on which there is a substantial ground for difference of opinion. 16 C. Wright, A. Miller, E. Cooper & E. Gressman, *Federal Practice and Procedure*, § 3930 n. 6 (1977 & Supp.1983).

The question whether to apply the "national contacts" test in a case similar to the present suit has been faced by other district courts with inconsistent results. For example, district judges in Utah and Connecticut as well as other judges in this district have applied the "national contacts" analysis. *Worldwide Marine Transport Corp. v. Marine Transport Service*, 527 F.Supp. 581 (E.D.Pa.1981); *Cryomedics, Inc. v. Spembly, Limited*, 397 F.Supp. 287 (D.Conn.1975); *Engineered Sports Products v. Brunswick Corp.*, 362 F.Supp. 722 (D.Utah 1973); *Alco Standard Corporation v. Benalal*, 345 F.Supp. 14 (E.D.Pa.1972). But one of my colleagues in this district has rejected the analysis. *Superior Coal Co. v. Ruhrkohle, A.G.*, 83 F.R.D. 414 (E.D.Pa.1979).

■ The mere fact that a substantially greater number of judges have resolved the issue one way rather than another does not, of itself, tend to show that there is no substantial ground for difference of opinion. It is the duty of the district judge faced with a motion for certification to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a *substantial* ground for dispute. Although, as I stated in my earlier opinion in this case, "I find Judge Newman's *Cryomedics* analysis more persuasive" than that of Judge Troutman in *Superior Coal Co.*, I recognize that the arguments in support of the opposite conclusion are not insubstantial. Thus, I find that there is a ground for difference of opinion sufficient to warrant certification of the question for appeal in light of the other facts and circumstances of this case.

■ Therefore, I find that all three elements of the test for certification created by § 1292(b) have been shown in the present case. Though I recognize that certification is only appropriate in exceptional circumstances, I conclude that this is such a case. When the facts of the present case and the issue to be presented on appeal are considered as a whole, the balance tips in favor of immediate review of the question of *in personam* jurisdiction.

Accordingly, in an order accompanying this Memorandum Opinion, defendant's motion pursuant to 28 U.S.C. § 1292(b) will be granted and the question of *in personam* jurisdiction will be certified for appeal.

## ORDER

For the reasons stated in the accompanying Memorandum Opinion, I am of the opinion that the Order of this court dated April 13, 1983, involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from this order may materially advance the ultimate termination of the litigation. Accordingly, the defendant's motion for certification is GRANTED and the Order of April 13, 1983, is hereby CERTIFIED to the court of appeals for review pursuant to 28 U.S.C. § 1292(b).

The defendant is a West German citizen doing business as a sole proprietor. He is being sued in the Eastern District of Pennsylvania for alleged violations of the United States patent laws. This court has determined that defendant has carried on cer-

tain significant business activities in the United States, but that his contacts with Pennsylvania would be constitutionally insufficient to support the exercise of *in personam* jurisdiction over defendant in this district if defendant were being sued on a state law cause of action. The controlling question of law certified to the court of appeals is whether, because defendant is being sued in the Eastern District of Pennsylvania on a claim arising under federal law, *in personam* jurisdiction in this district is constitutionally supportable on the basis of the defendant's aggregate contacts with the United States taken as a whole?