Manjit SINGH, Individually and as Administrator of the Estate of Ram P. Singh, Deceased, et al.

v.

DAIMLER–BENZ, AG, et al.

Civ. A. No. 91–7849.

United States District Court, E.D. Pennsylvania.

Aug. 31, 1992.

George C. McFarland, Jr., Kassab, Archbold, Jackson & O'Brien, Bayard H. Graf, Barbara J. Sheridan, Sweeney, Sheehan & Spencer, P.C., Philadelphia, Pa., for Manjit Singh, et al.

R. Mark Armbrust, Gratz, Tate, Spiegel, Ervin & Ruthrauff, Philadelphia, Pa., for Daimler–Benz, A.G., et al.

## MEMORANDUM

NEWCOMER, District Judge.

Before the court is Plaintiffs' Motion for Reconsideration of this Court's Order Denying Plaintiff's Motion to Remand this cause of action to the Court of Common Pleas of Philadelphia County.

This action was originally filed in the Court of Common Pleas, Philadelphia County, Pennsylvania. Plaintiffs' original complaint named Daimler–Benz, AG, a German corporation with its principal place of business in Germany, and Mercedes–Benz of North America, Inc., a Delaware corporation with its principal place of business in New Jersey, as defendants. Plaintiffs are citizens of India and permanent resident aliens of the United States of America, residing in Virginia.

Defendants removed this action to this court on the basis of diversity. Plaintiffs challenged this removal pursuant to 28 U.S.C. § 1447(c) which provides, in pertinent part, that if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Plaintiffs argue that because there are foreign parties on both sides of the controversy, complete diversity of citizenship between the parties is lacking.

Section 1332(a) of Title 28 of the United States Code sets forth the jurisdic-

tional requirements for diversity of citizenship, and provides in pertinent part:

"For purposes of this section, section 1335, and section 1441, an alien admitted to the United States for permanent residence shall be deemed a citizen of the state in which such alien is domiciled." [1]

Turning to the parties in the instant case, the court notes that plaintiffs are aliens admitted to the United States for permanent residence and that plaintiffs reside in Virginia. Therefore, for purposes of diversity, plaintiffs are citizens of Virginia; defendant, Daimler–Benz, A.G., is a citizen of Germany, and defendant Mercedes–Benz of North America, Inc., is a citizen of New Jersey and Delaware.

Plaintiffs ask that this court discount the plain language of § 1332, however, because the above quoted provision was intended to restrict rather than expand federal diversity jurisdiction. It is plaintiffs' position that a literal reading of § 1332 would, contrary to Congress' intent, result in diversity jurisdiction being expanded to include suits between two aliens; a situation never before permitted on diversity grounds. *See, Field v. Volkswagenwerk AG*, 626 F.2d 293, 296 (3d Cir.1980), (complete diversity does not exist in an action by an alien against citizens of a state and another alien.) In support of their position plaintiffs cite *Sea–Land Service, Inc. v. U.S.*, 874 F.2d 169 (3rd Cir.1989), for the proposition that a court should not infer congressional intent to depart from established precedent in the absence of some clear indication that Congress decided to do so.

The Court of Appeals, in *Sea–Land* recognized, however, that, "the best evidence of Congress' intent with respect to the relevant issue is found in the text of the statute itself." *Sea–Land Service, Inc. v. U.S.*, 874 F.2d 169, 172. Moreover, there is a presumption that the legislative purpose is expressed by the ordinary meaning of the words used. *American Tobacco Company v. Patterson*, 456 U.S. 63, 68, 102 S.Ct. 1534, 1537, 71 L.Ed.2d 748 (1982).

**1.** This provision became effective on November 19, 1988. Pub.L. 100–702 § 201(a).

Plaintiffs ask this court to reject these basic tenets of legislative interpretation and to follow the reasoning of the Hawaii District Court in *Arai v. Tachibana*, 778 F.Supp. 1535 (D.Hawaii 1991). The *Arai* court reasoned that "the language of a statute is not conclusive if there is a clearly expressed legislative intention to the contrary." *Arai*, 778 F.Supp. at 1542, citing *Consumer Products Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980). In addressing this concern, the *Arai* court focused on the legislative history of the Judicial Improvements Act and found that the Act's general purpose was to reduce diversity and alienage jurisdiction. The *Arai* court noted that, although "the legislative history on the specific alien permanent resident provision is sparse, all sources indicate that this provision was enacted solely to prohibit alienage jurisdiction in cases involving a citizen of a state against an alien permanently residing in that same state." *Arai*, 778 F.Supp. at 1542. The *Arai* court stated further that "it was aware of no evidence that Congress intended the alien permanent resident provision to accomplish any other objectives." Ultimately, the *Arai* court held that the plain meaning of the statute, as amended, did not confer state citizenship on permanent resident aliens for diversity purposes because alienage and diversity jurisdiction would be expanded to include suits where there are both alien plaintiffs and defendants.

■ Although this court holds its colleagues in Hawaii in the utmost esteem, the court finds itself bound to come to a different conclusion regarding this matter. The clear language of § 1332 establishes that when an alien receives permanent resident status the alien is no longer an alien for diversity purposes, but, is instead a citizen of the state in which he or she resides. Therefore, Congress' enactment does not depart from the long-standing requirement of complete diversity between all parties. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806).

■ This court agrees with the *Arai* court that Article III of the Constitution requires, for alienage jurisdiction, only that at least one of the parties must be a state or a citizen of a state. This court also agrees that one cannot be a citizen of a state without first being a citizen of the United States, and, that the diversity statute amendment does not confer United States citizenship to alien permanent residents who are parties to federal court litigation. *Arai*, 778 F.Supp. at 1541. However, this court does not agree with the *Arai* court's conclusion that the amendment therefore purports to give aliens a status they cannot have. The amended statute does not purport to give any citizenship rights to permanent resident aliens. Rather, for the limited purposes of 28 U.S.C. §§ 1332, 1335 and 1441, the statute directs the district court's inquiry in diversity cases and eliminates from diversity jurisdiction those cases in which an alien who has been granted permanent resident status attempts to bring an action in federal court against a resident of the same state in which the permanent resident alien resides. Indeed, the problem of resident aliens domiciled in different states on both sides of a controversy, appears to be a minimal one as only one other district court has dealt with this question since the effective date of the statute.

■ This court set forth the above analysis in its original opinion denying remand. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985) (setting forth the standard for a motion for reconsideration), *cert. den.*, 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986). Plaintiffs have not shown that this court has made an error of law or fact, and have failed to present to the court any newly discovered evidence. Indeed, plaintiffs have not presented any argument or any case that this court has not already considered and rejected. Accordingly, plaintiff's motion for reconsideration will be denied.

Plaintiffs also move the court for permission for leave to take an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Section 1292(b) provides as follows:

When a district judge, in making a civil action order not otherwise appealable under this section, shall be of the opinion that such order involves **a controlling question of law as to which there is substantial ground for difference of opinion** and that **an immediate appeal from the order may materially advance the ultimate termination of the litigation,** he shall so state in writing such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order.

Thus, in determining whether this court should grant permission to take an interlocutory appeal, this court must consider (1) whether the order denying remand involves a "controlling question of law", (2) whether there is a substantial ground for difference of opinion, and (3) whether an immediate appeal from the order would "materially advance the ultimate termination of the litigation." This order clearly involves a controlling question of law, as a reversal of the order denying remand would result in a voiding of the judgment at a final hearing on appeal. *Katz v. Carte Blanche Corporation,* 496 F.2d 747, 754–55 (3d Cir.1974). This court recognizes that if this court does not have subject matter jurisdiction, continuation of this litigation in this court would be a waste of scarce judicial resources as well as the parties' time and money. However, this is not an issue on which there is a substantial ground for difference of opinion. Indeed, there is clear statutory language conferring jurisdiction on this court. Moreover, there is only one other district court opinion in the country (an opinion from the district of Hawaii), in which the court concluded that subject matter jurisdiction did not exist in a circumstance similar to the one in this case. I note further that while an interlocutory appeal may ma-

terially advance the ultimate termination of the litigation in this court if the Third Circuit concludes that this court does not have jurisdiction over this case, if the third circuit finds that this court does in fact have jurisdiction, the litigation will not be advanced, but will instead will be considerably delayed. In light of the foregoing, this court concludes that there are insufficient grounds for granting plaintiff's motion for permission to take an interlocutory appeal.