**Joseph F. PAPARELLA, Plaintiff,**

v.

**IDRECO INVEST S.p.A., Idreco S.p.A., Paulo Stafforini, Italo Chiodi, and Giuseppe Giacobone, Defendants.**

**Civ. A. No. 93–40195–NMG.**

United States District Court,
D. Massachusetts.

July 20, 1994.

Carol Romano, Romano & Romano, P.C., and R. Mark Petersen, Worcester, MA, for plaintiffs.

Steven W. Phillips, Foley, Hoag & Eliot, Boston, MA, for Guiseppe Giacobone.

## MEMORANDUM AND ORDER

GORTON, District Judge.

This Order addresses the status of the above-captioned action in which Joseph F. Paparella, in his individual capacity (and not as an officer of the corporation for which he claims to act) is the only plaintiff.

## I. NOTICE OF DISMISSAL

This Court finds that, pursuant to Fed.R.Civ.P. 41(a)(1)(i), plaintiff is entitled to dismiss the action against defendants Idreco Invest, S.p.A., Idreco, S.p.A., Paolo Stafforini and Italo Chiodi. This finding is based upon the failure of the named defendants to answer the complaint. Accordingly, the Notice of Dismissal filed by plaintiff is valid, and no Order of this Court need issue, with respect to those defendants.

## II. DIVERSITY JURISDICTION

With respect to the remaining action against the defendant, Giuseppe Giacobone ("Giacobone"), this Court may consider at any time, *sua sponte*, whether there is subject matter jurisdiction. *See, Liakakos v.*

*Cigna Corp.*, 704 F.Supp. 583, 584 n. 1 (E.D.Pa.1988), *citing, Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n. 2 (9th Cir.1988). Plaintiff has filed a motion to dismiss asserting that Giacobone is a resident alien and domicile of Massachusetts. Giacobone opposes that motion, asserting that he is a resident alien, but not a domicile of Massachusetts because of his "strong ties" to Italy and his alleged intention to return there to live and work. However, in his Answer to the complaint and his November 24, 1993 Affidavit, Giacobone stated that he is a lawful, permanent resident of the United States, residing in Massachusetts. Giacobone sought permission from and was authorized by the United States Immigration and Naturalization Service in 1993 to be a resident alien and to work in the United States. He resides in Massachusetts with his wife and child and works as President of Idreco USA.

In order to establish diversity jurisdiction, under 28 U.S.C. § 1332(a), plaintiff and defendant must be "citizens" of different states. For purposes of this jurisdictional requirement, § 1332(a) provides, in pertinent part, that:

> an alien admitted to the United States for permanent residence shall be deemed a citizen of the state in which such alien is domiciled.

28 U.S.C. § 1332(a). In *Singh v. Daimler–Benz, AG*, 800 F.Supp. 260 (E.D.Pa.1992), *aff'd*, 9 F.3d 303 (3d Cir.1993), the District Court found that:

> The clear language of § 1332 establishes that when an alien receives permanent resident status the alien is no longer an alien for diversity purposes, but, is instead a citizen of the state in which he or she resides.

*Id.* at 262. *See also, Arai v. Tachibana*, 778 F.Supp. 1535, 1542 (D.Hawaii 1991) ("all sources indicate that this provision [§ 1332] was enacted solely to prohibit alienage jurisdiction in cases involving a citizen of a state against an alien permanently residing in that same state").

Based upon the fact that plaintiff and Giacobone are both citizens of Massachusetts, for purposes of 28 U.S.C. § 1332, this Court lacks subject matter jurisdiction and must,

consequently, dismiss the action against defendant Giacobone under Fed.R.Civ.P. 12(h)(3). That rule provides:

whenever it appears by suggestion of the parties or otherwise that the Court lacks jurisdiction of the subject matter, the court shall dismiss the action.

Due to both the suggestion raised by plaintiff's motion to dismiss and this Court's further consideration of all pleadings and affidavits, this Court finds that it lacks jurisdiction over this action.

## ORDER

For the foregoing reasons, the action is **DISMISSED.**

So ordered.