OPINION ON CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(b)
 

 ORLOFSKY, District Judge:
 

 Appellants, Jay M. London, Esq. (“London” or “appellant”), and the law firm of Kimmel & Silverman, P.C. (“K & S” or “appellant”), have filed a motion to amend an Order entered by this Court on August 8, 1996. By its August 8, 1996, Opinion and Order, this court affirmed a decision of the magistrate judge disqualifying London and K & S from further representing plaintiffs in these actions. London and K
 
 &
 
 S seek certification of this Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).
 

 Appellants have also applied to this court for a stay under § 1292(b). Because this court is not of the opinion that an interlocutory appeal of the Order in question is appropriate, appellants’ motion will be denied.
 
 [1]
 

 
 *353
 
 I. Interlocutory Appeal Under Section 1292(b)
 

 Section 1292(b) provides for immediate appeal of interlocutory decisions of the district court under the following circumstances:
 

 When a district judge, in making in a civil action an order not otherwise appeal-able under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an .appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order:
 
 Provided, however,
 
 That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.
 

 28 U.S.C. § 1292(b).
 

 Interlocutory appeal under § 1292(b) is “used sparingly.” 16 Charles A. Wright, Arthur R. Miller, Edward H. Cooper & Eugene Gressman,
 
 Federal Practice and Procedure,
 
 § 3929, at 134 (1977). Any appeal under this section is
 
 necessarily
 
 a deviation from the ordinary policy of avoiding “piecemeal appellate review of trial court decisions which do not terminate the litigation.”
 
 United States v. Hollywood Motor Car Co.,
 
 458 U.S. 263, 265, 102 S.Ct. 3081, 3082, 73 L.Ed.2d 754 (1982).
 

 In order to merit interlocutory review, therefore, a movant must point to: (1) a controlling question of law, (2) about which there is substantial ground for difference of opinion, the immediate resolution of which by the appeals court will (3) materially advance the ultimate termination of the litigation. In evaluating these factors, “the court must remember that ... [a] motion should not be granted merely because a party disagrees with the ruling of the district judge.”
 
 Max Daetwyler Corp. v. Meyer,
 
 575 F.Supp. 280, 282 (E.D.Pa.1983);
 
 see also United States v. Grand Trunk Western R.R.,
 
 95 F.R.D. 463, 471 (W.D.Mich.1981) (denying certification because the moving party “merely questions the correctness” of the court’s ruling).
 

 A question is “controlling” if its incorrect disposition would require reversal of the final judgment.
 
 Katz v. Carte Blanche Carp.,
 
 496 F.2d 747, 755 (3d Cir.1974). It is not altogether clear that an order disqualifying counsel, if held to be error on an appeal from an adverse verdict, would require a new trial. Even if reversal would be required, however, this would satisfy only the first prong of the § 1292(b) test.
 

 As noted, a party’s mere disagreement with the district court’s ruling does not constitute a “substantial ground for difference of opinion” within the meaning of § 1292(b). Rather, the “difference of opinion” must arise out of genuine doubt as to the correct legal standard. Indeed, one court in this Circuit refused to certify a previously undecided issue of law because it found the statutory language to be clear, even in the face of a squarely contradictory ruling on the same issue from another district court.
 
 See Singh v. Daimler-Benz, AG,
 
 800 F.Supp. 260 (E.D.Pa.1992) (holding that the amendment to the diversity jurisdiction statute which defined a permanent resident alien as a citizen for diversity purposes gave the federal court subject matter jurisdiction over a case brought by a permanent resident alien against a nonresident alien).
 

 Furthermore, Judge Newcomer explained that an interlocutory appeal in
 
 Singh
 
 would only materially advance the ultimate termination of the litigation “if the Third Circuit concludes that this court does not have jurisdiction over this case, [but] if the Third Circuit finds that this court does in fact have jurisdiction, the litigation will not be advanced, but will instead will be considerably delayed.”
 
 Id.
 
 at 263.
 

 Judge Newcomer was prescient. On appeal from the final judgment in
 
 Singh,
 
 the Third Circuit affirmed the district court, holding that the diversity jurisdiction statute, as amended, gives federal courts subject matter jurisdiction over cases brought by permanent resident aliens against alien de
 
 *354
 
 fendants.
 
 Singh v. Daimler-Benz, AG,
 
 9 F.3d 303 (3d Cir.1993). Thus, Judge Newcomer’s focus on the risk of unnecessary delay was vindicated.
 

 II. Discussion
 

 A A Controlling Question of Law
 

 Appellants cite a number of cases in which interlocutory appeal was granted, and the circuit court considered the propriety of an order granting, or denying, a disqualification motion. Brief in Support of Motion to Amend at 2-3. London & K & S offer these cases to demonstrate that certification under § 1292(b) is routine, or at least not uncommon. In fact, no one would argue that attorney disqualification is never a fit subject for interlocutory appeal. The cases cited by London and K & S, however, do not support certification in this case. In fact, most of these cases are readily distinguishable.
 

 For example, in one case, certification was granted because there were “ ‘two conflicting district court opinions.’”
 
 Telectronics Proprietary, Ltd. v. Medtronic, Inc.,
 
 836 F.2d 1332, 1338 (Fed.Cir.1988) (quoting the district court’s certification order). London and K & S have pointed to no such conflict in this district, or between a decision in this district and a decision of a New Jersey state court. In
 
 O’Connor v. Jones,
 
 946 F.2d 1395 (8th Cir.1991), the order of disqualification was held to have violated the Eleventh Amendment under the doctrine enunciated in
 
 Pennhurst State Sch. & Hosp. v. Halderman,
 
 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). There has been no suggestion in this case that disqualification of London and K & S implicates any constitutional or federally-protected right in any way.
 
 [2]
 

 In another case cited by London & K & S, the United States Court of Appeals for the Federal Circuit considered the effectiveness of an “ethics screen,” which the disqualified law firm asserted would rebut any presumption of shared confidences.
 
 Atasi Corp. v. Seagate Technology,
 
 847 F.2d 826, 831 (Fed. Cir.1988). The court in
 
 Atasi
 
 held that it was unnecessary even to rule on the availability of the “ethics screen” defense, because the evidence before the district court demonstrated that the screen which the firm claimed to have erected was inadequate.
 
 Id.
 
 Thus, the
 
 Atasi
 
 court affirmed the district court, at least in part, because the district court’s decision was supported by the facts. Therefore, the
 
 Atasi
 
 case militates against certification, insofar as it illustrates that, under some circumstances, what appears to the district court to be a “controlling question of law” will not need to be decided by the circuit court at all, in view of the factual record.
 

 On its facts,
 
 Atasi
 
 supports this court’s August 8, 1996, Opinion and Order. In five days of hearings on General Motors’ disqualification motion, the magistrate judge carefully developed a factual record, which included a finding that the “ethics screen” erected by K & S was penetrated on at least one occasion.
 
 See Steel v. General Motors Corp.,
 
 912 F.Supp. 724, 731-32 (D.N.J.1995).
 

 B. Substantial Ground for Difference of Opinion
 

 Appellants point to a single case in support of their contention that there is “substantial ground for difference of opinion” in this case.
 
 Dworkin v. General Motors Corp.,
 
 906 F.Supp. 273 (E.D.Pa.1995). In
 
 Dworkin,
 
 Chief Judge Cahn, on the same facts which were before this court, reached the conclusion that disqualification of London and K & S was not warranted.
 
 Id.
 
 at 283. Appellants contend that the conclusion in
 
 Dworkin,
 
 in that it is contrary to this court’s decision, indicates that the law is unsettled and reflects a “substantial ground for difference of opinion.” This contention simply ignores the fact that Chief Judge Cahn was called upon to interpret and apply different rules of professional conduct than were under consideration by this court in reaching its decision.
 

 Every federal district court has the power “to discipline attorneys who have been admitted to practice before that court.”
 
 In the Matter of Abrams,
 
 521 F.2d 1094, 1099
 
 *355
 
 (3d Cir.),
 
 cert. denied sub nom. United States District Court v. Abrams,
 
 423 U.S. 1038, 96 S.Ct. 574, 46 L.Ed.2d 413 (1975). This power derives from 28 U.S.C. § 2071 and Fed. R.Civ.P. 83.
 
 Rodgers v. United States Steel Corp.,
 
 508 F.2d 152, 163 (3d Cir.),
 
 cert. denied,
 
 423 U.S. 832, 96 S.Ct. 54, 46 L.Ed.2d 50 (1975).
 

 In the United States District Court for the Eastern District of Pennsylvania, the standard governing the professional conduct of attorneys practicing before that court is set forth in Rule 83.6, R. IV(B) of the Local Rules of the District Court for the Eastern District of Pennsylvania, which incorporate “the Rules of Professional Conduct [as] adopted by the Supreme Court of Pennsylvania.”
 
 Id.
 
 By contrast, this court has adopted “The Rules of Professional Conduct of the American Bar Association as revised by the New Jersey Supreme Court ..., subject to such modification as may be required or permitted by federal statute, regulation, court rule or decision of law.” Rule 6A of the General Rules of the United States District Court for the District of New Jersey (“General Rules”).
 

 In reaching its decision of August 8, 1996, this court interpreted existing New Jersey precedents and based its conclusion upon New Jersey’s Rules of Professional Conduct. London & K & S have never maintained that this court is bound by Pennsylvania’s Rules of Professional Conduct or by some “general federal common-law of lawyering,” if one exists. Such an argument would be futile. The Third Circuit has considered whether General Rule 6 incorporates only New Jersey’s published rules, or also New Jersey law on the interpretation of these rules, and it has concluded:
 

 We find no error in the district court’s reading [that General Rule 6 incorporates both the rules and the decisional law interpreting the rules]. A court of appeals will grant substantial deference to a district court in the interpretation and application of local district court rules. Incorporation of the body of New Jersey law on professional ethics, including interpretations of disciplinary rules, serves at least two legitimate purposes: It allows the district court to use the possibly greater facilities of the state to investigate the ethical standards and problems of local practitioners. It also avoids the detriment to the public’s confidence in the integrity of the bar that might result from courts in the same state enforcing different ethical norms.
 

 United States v. Miller,
 
 624 F.2d 1198, 1200 (3d Cir.1980) (citations omitted).
 

 Pennsylvania expressly recognizes the use of “ethics screens.” Pa.R.P.C. 1.10(b)(1);
 
 Dworkin,
 
 906 F.Supp. at 278. New Jersey has no similar provision in its Rules of Professional Conduct. London and K & S have never pointed to an authoritative decision of a New Jersey court approving the use of an “ethics screen.” It is plain that the explanation for the divergent results, between Chief Judge Cahn’s opinion in Dworkin and this court’s August 8, 1996, Opinion and Order can easily be found in each court’s respective obligation to interpret and apply its own, state-based Rules of Professional Conduct. This is not a “difference of opinion” at all, much less one based on a substantial ground.
 

 The fact that New Jersey and Pennsylvania have adopted different Rules of Professional Conduct reflects nothing more than what Justice Hugo Black described as “Our Federalism.”
 
 Younger v. Harris,
 
 401 U.S. 37, 44, 91 S.Ct. 746, 750-51, 27 L.Ed.2d 669 (1971). In the spirit of “Our Federalism,” this court respectfully submits that, even if this question were certified to the Third Circuit, that court would honor New Jersey’s decision to enforce strict compliance with its Rules of Professional Conduct. It is well within the prerogative of the New Jersey Supreme Court to show “uncompromising rigidity ... when petitioned to undermine the rule of undivided loyalty by the ‘disintegrating integrating erosion’ of particular exceptions.”
 
 Meinhard v. Salmon,
 
 249 N.Y. 458, 164 N.E. 545, 546 (1928) (Cardozo, J.) (paraphrasing
 
 Wendt v. Fischer,
 
 243 N.Y. 439, 154 N.E. 303, 304 (1926) (Cardozo, J.)).
 

 C. Materially Advance the Ultimate Termination of the Litigation.
 

 Finally, London and K & S contend that an interlocutory appeal will “materially advance the ultimate termination of the liti
 
 *356
 
 gation.” 28 U.S.C. § 1292(b). This court is unpersuaded.
 

 Katz v. Carte Blanche Corp.,
 
 496 F.2d 747 (3d Cir.1974), is a good example of how certification can “materially advance” the litigation. In
 
 Katz,
 
 the district court certified, pursuant to Fed.R.Civ.P. 23(b)(3), a class of approximately 800,000 holders of Carte Blanche credit eards and simultaneously certified its order under § 1292(b). Carte Blanche, which opposed the class certification, prevailed on interlocutory appeal. As a result of the Third Circuit’s ruling on interlocutory appeal, the case could be tried in the district court by a single plaintiff, without the delays attendant upon the class action notice provisions and the close judicial scrutiny that are mandated by Fed.R.Civ.P. 23.
 

 Thus, the character of the underlying litigation in
 
 Katz,
 
 and the time that it would take to pursue it, were significantly altered by the Third Circuit’s decision. On the other hand, had the Third Circuit affirmed the class certification on interlocutory appeal, the underlying litigation would not have been excessively delayed, principally because the class certification question arose early in the procedural history of the ease. In
 
 Katz,
 
 therefore, from the point of view of the district court, there was much to gain and little to lose by granting leave to take an interlocutory appeal.
 

 By contrast, these actions are relatively straightforward “lemon law” cases. If this order were certified and a stay granted, under § 1292(b), resolution of these cases would be postponed for an indefinite period until the Third Circuit ruled. Nor does it seem that a substitution of attorneys at this point would prejudice the plaintiffs in these actions. Indeed,
 

 “[ajccording to Mr. Silverman and Mr. London, the work necessary to litigate a lemon law case, whether on the plaintiff or the defense side, is strictly
 
 pro forma
 
 and involves no legal analysis or strategy; it merely requires a collection of all the relevant facts and documents, completion of form pleadings and discovery responses, and a few telephone calls between plaintiffs and defense counsel.”
 

 Steel,
 
 912 F.Supp. at 739. In view of the relative simplicity of the work involved in prosecuting a “lemon law” case, it is obvious that interlocutory appeal at this time will not materially advanee the litigation, but rather, will result in further delay to these plaintiffs.
 

 III. Conclusion
 

 For the reasons set forth above, the motion of Jay M. London and Kimmel & Silver-man to amend this court’s August 8, 1996, Order, to include certification of an interlocutory appeal and to grant a stay pursuant to 28 U.S.C. § 1292(b), will be denied. The court will enter an appropriate order.
 

 ORDER
 

 This matter having come before the Court on September 20, 1996, on the Motion of Jay M. London and Kimmel & Silverman to Amend this Court’s Order, filed on August 8, 1996, in the above-captioned consolidated appeals, James Lewis Griffith, Esq., and Brett L. Messinger, Esq., of Wolf, Block, Schorr & Solis-Cohen, appearing on behalf of the appellants, and Thomas Y. Convery, Esq., of Tansey, Fanning, Haggerty, Kelly, Convery & Murray, appearing on behalf of the appellee, General Motors Corporation; and,
 

 The Court having considered the briefs filed in support of, and in opposition to this Motion, for the reasons set forth in this Court’s OPINION filed concurrently with this ORDER;
 

 It is on this 20th day of September, 1996,
 

 ORDERED that the Motion of Jay M. London and Kimmel & Silverman to Amend this Court’s Order filed on August 8,1996, to include certification of an interlocutory appeal and to grant a stay pursuant to 28 U.S.C. § 1292(b), is DENIED.
 

 [1]
 

 . On September 9, 1996, appellants filed a Petition for a Writ of Mandamus in the United States Court of Appeals for the Third Circuit. In their Brief in Support of this motion. Appellants announced that they “contemplate[d] filing a petition for mandamus ..., but “would prefer to seek review by way of appeal.” Brief of Appellants at 2 n. 2.
 

 [2]
 

 . It is also worth noting that, in
 
 O’Connor,
 
 the certification motion was unopposed.
 
 O’Connor,
 
 946 F.2d at 1397.