**Stephen KAPOSSY, Plaintiff,**

v.

**McGRAW–HILL, INC., Defendant.**

**Civil Action No. 93–5277.**

United States District Court,
D. New Jersey.

Oct. 4, 1996.

Gregory S. Schaer, Law Offices of Linda B. Kenney, Red Bank, NJ, for Plaintiff.

Kerry M. Parker, Crummy, Del Deo, Dolan, Griffinger & Vecchione, Newark, NJ, for Defendant.

## OPINION

ORLOFSKY, District Judge:

In this employment discrimination case, plaintiff seeks entry of final judgment under Fed.R.Civ.P. 54(b) of certain issues resolved by this court's Opinion and Order on Defendant's Motion for Summary Judgment, filed March 21, 1996. *See Kapossy v. McGraw–Hill, Inc.*, 921 F.Supp. 234 (D.N.J.1996). Plaintiff also seeks certification of several *in limine* rulings under 28 U.S.C. § 1292(b), and a stay of this action pending interlocutory appeal. The challenged evidentiary rulings were announced in a Bench Opinion read into the record on August 7, 1996, and were memorialized in an Order filed on August 8, 1996.[1] The facts of this case are fully set forth in this court's Opinion on summary judgment and will not be reiterated here. *See Kapossy*, 921 F.Supp. at 238–39.

While plaintiff's motion for certification under § 1292(b) presents no novel issue of law,

---

1. Plaintiff has requested that this court consider his claim for breach of contract based upon pre-*Woolley* employment manuals, an issue upon which he seeks certification under Section 1292(b), also under the "final judgment standard of Fed.R.Civ.P. 54(b), to the extent that this court's prior decisions finally resolve that claim." Brief on Behalf of Plaintiff at 9 n. 5. Conversely, plaintiff seeks certification pursuant to § 1292(b) of the two issues he raises in this motion as suitable for entry of final judgment. *Id.* at 2 n. 2. This method of "alternative argument" reflects an unfortunate misunderstanding of the proper legal standard for interlocutory appeal under either § 1292(b) or Fed.R.Civ.P. 54(b).

his motion seeking a Rule 54(b) Certification requires this court to traverse the admittedly uncertain terrain of the Rule's "multiple claim" requirement. For the reasons set forth below, plaintiff's motions will be denied.

## I. Rule 54(b) Certification

Federal Rule of Civil Procedure 54(b) provides one avenue for immediate appeal to a Circuit Court of Appeals, subject only to that court's deferential scrutiny of the district court's decision to enter final judgment. The Rule provides, in pertinent part:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Fed.R.Civ.P. 54(b).

■ This court is required to undertake a two-step analysis in deciding whether to direct the entry of final judgment pursuant to Rule 54(b). First, "finality" must be satisfied, "in the sense that [the judgment] is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss–Wright Corp. v. General Electric Co.*, 446 U.S. 1, 7, 100 S.Ct. 1460, 1464, 64 L.Ed.2d 1 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436, 76 S.Ct. 895, 900, 100 L.Ed. 1297 (1956)). If this initial hurdle is cleared, the court must determine that the matter is "ready for appeal ... tak[ing] into account judicial administrative interests as well as the equities involved." *Id.*, 446 U.S. at 8, 100 S.Ct. at 1465. In making this latter determination, the district court is obligated to explain the exercise of its discretion. *See Cemar, Inc. v. Nissan Motor Corp.*, 897 F.2d 120 (3d Cir. 1990) (dismissing appeal, vacating order, and remanding when the district court failed to explain its reason for the Rule 54(b) certification).

In the present case, this court need not, indeed, may not even exercise the discretion implicit in the second prong of the Rule 54(b) analysis, because Kapossy cannot demonstrate that his is a "multiple claim" action, and "Rule 54(b) 'does not' apply to a single claim action." *Liberty Mutual v. Wetzel*, 424 U.S. 737, 742–43, 96 S.Ct. 1202, 1205–06, 47 L.Ed.2d 435 (1976) (quoting *Sears, Roebuck*, 351 U.S. at 435, 76 S.Ct. at 899).

■ A determination that the action involves "multiple claims" is a jurisdictional prerequisite to the court of appeals' consideration of an interlocutory appeal pursuant to Fed.R.Civ.P. 54(b). *Allegheny County Sanitary Auth. v. United States EPA*, 732 F.2d 1167, 1172 (3d Cir.1984). Admittedly, the question of what constitutes a "claim" for purposes of Rule 54(b) is nowhere precisely defined. *See Sussex Drug Products v. Kanasco, Ltd.*, 920 F.2d 1150 (3d Cir.1990). The Third Circuit has even declared that "uncertainty is the rule." *Id.* at 1154.

Be that as it may, a useful starting point in seeking a definition of what constitutes a "single claim" for purposes of Fed.R.Civ.P. 54(b) is, as always, the decisions of the United States Supreme Court. Although the High Court has declined to "attempt any definitive resolution of the meaning of what constitutes a claim for relief," it, nevertheless, has stated that, "a complaint asserting only one legal right, even if seeking multiple remedies for the alleged violation of that right, states a single claim for relief." *Liberty Mutual*, 424 U.S. at 743 n. 4, 96 S.Ct. at 1206 n. 4.

In his complaint, Kapossy asserted several theories of recovery based upon his allegations that the termination of his employment by McGraw–Hill was wrongful. In his present motion, Kapossy seeks entry of final judgment pursuant to Rule 54(b) of this court's Order entering partial summary judgment in favor of defendant on: (1) Kapossy's claim for breach of an implied covenant of good faith and fair dealing; and, (2) Kapossy's claim for breach of an implied contract by termination without cause.

As if to highlight the "uncertainty" surrounding the "multiple claim" requirement of Fed.R.Civ. 54(b), plaintiff simply assumes, without any discussion whatsoever, that his is

an action involving "multiple claims." Brief on Behalf of Plaintiff at 3. It is not.

■ To understand why this action involves only a "single claim," it is useful to review what are *not* "multiple claims." Claims cannot be "multiple claims," within the meaning of Rule 54(b), "if they are 'so closely related that they would fall afoul of the rule against splitting claims if brought separately.'" *Sussex Drug,* 920 F.2d at 1154 (quoting *Local P–171, Amalgamated Meat Cutters & Butcher Workmen v. Thompson Farms Co.,* 642 F.2d 1065, 1070–71 (7th Cir. 1981)); *see also CMAX, Inc. v. Drewry Photocolor Corp.,* 295 F.2d 695, 697 (9th Cir. 1961) ("The word 'claim' in Rule 54(b) refers to a set of facts giving rise to legal rights in the claimant, not to legal theories of recovery based upon those facts."). Nor are there "multiple claims" unless "the claimant could ... recover separately on each claim." *Minority Police Officers Ass'n of South Bend v. City of South Bend, Ind.,* 721 F.2d 197, 199 (7th Cir.1983).

■ Where, as here, a plaintiff seeks interlocutory appeal of an order granting summary judgment to the defendant, the appropriate inquiry is whether the remaining counts of the complaint will require proof of the same facts as those counts which were dismissed on summary judgment, in other words, whether these counts share a common "'core of operative facts,'" *Sussex Drug,* 920 F.2d at 1155 (quoting, with approval, *Oyster v. Johns–Manville Corp.,* 568 F.Supp. 83, 86 (E.D.Pa.1983), *appeal dismissed,* 770 F.2d 1066 (3d Cir.1985)). The Third Circuit, therefore, requires district courts to focus on the factual commonality between the issues for which Rule 54(b) appeal is sought and those remaining before the district court. *Id.* Naturally, this inquiry subsumes within it the rule that a plaintiff who sets forth numerous legal theories in support of only one possible recovery states only one claim for relief. *Indiana Harbor Belt R. Co. v. American Cyanamid Co.,* 860 F.2d 1441,

1445 (7th Cir.1988). Put another way, a single set of interrelated facts, even though it supports several causes of action, will usually constitute only a single "claim."

Furthermore, even if this court were not convinced that Kapossy's "multi-count" complaint presents only a "single claim" within the meaning of Rule 54(b), it still would not choose to certify as "final" any portion of the summary judgment order of March 21, 1996. There are sound prudential reasons for declining certification in this case.

■ The Third Circuit counsels against certification where "the entire recovery the plaintiff originally sought still [can be] awarded under the remaining count[s]." *Gerardi v. Pelullo,* 16 F.3d 1363, 1371 (3d Cir.1994). Kapossy does not contest that his damages, if any, for a violation of the NJLAD are the same as his damages for the alleged breach of the "implied covenant of good faith and fair dealing." If Kapossy succeeds on his remaining *"Woolley"* implied contract count, he will recover all that he would recover under his "termination for cause only" implied contract count.[2] It is axiomatic that, when the remaining counts share the same factual basis as those on which appeal is sought under Rule 54(b), the risk is highest that the plaintiff will present those same factual issues on a subsequent appeal. *Id.* Certification under Rule 54(b), in such circumstances, invites a waste of judicial resources, in part, by requiring the court of appeals to rule in the absence of a factual record which will only later be developed by the district court. *Id.* at 1372. *See also Minority Police Officers,* 721 F.2d at 201 (noting that the "burdens of multiple appeals are greatest in a case where the successive appeals bring up the same facts"). Because Kapossy's complaint, although alleging numerous legal theories, presents only a "single claim" within the meaning of Fed. R.Civ.P. 54(b), certification will be denied.

---

**2.** *Woolley v. Hoffmann–LaRoche, Inc.,* 99 N.J. 284, 491 A.2d 1257, *modified,* 101 N.J. 10, 499 A.2d 515 (1985), first established that an employee, in New Jersey, could base a breach of contract action against his employer on a widely disseminated employment manual containing a progressive discipline procedure, unless the manual also contained a clear and prominent disclaimer.

## II. Certification Pursuant to 28 U.S.C. § 1292(b)

Section 1292(b) of Title 28 provides for immediate appeal of interlocutory decisions of the district court under the following circumstances:

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b).

Interlocutory appeal under § 1292(b) is "used sparingly." 16 Charles A. Wright, et al., *Federal Practice and Procedure,* § 3929, at 134 (1977). Any appeal under this section, like an appeal under Rule 54(b), is necessarily a deviation from the ordinary policy of avoiding "piecemeal appellate review of trial court decisions which do not terminate the litigation." *United States v. Hollywood Motor Car Co.,* 458 U.S. 263, 265, 102 S.Ct. 3081, 3082, 73 L.Ed.2d 754 (1982).

▮▮▮ In order to merit interlocutory review under § 1292(b), a movant must point to: (1) a controlling question of law, (2) about which there is substantial ground for difference of opinion, the immediate resolution of which by the appeals court will (3) materially advance the ultimate termination of the litigation. In evaluating these factors, "the court must remember that ... [a] motion should not be granted merely because a party disagrees with the ruling of the district judge." *Max Daetwyler Corp. v. Meyer,* 575 F.Supp. 280, 282 (E.D.Pa.1983); *see also United States v. Grand Trunk Western R.R.,* 95 F.R.D. 463, 471 (W.D.Mich.1981) (denying certification because the moving party "merely questions the correctness" of the court's ruling). A question is "controlling" if its incorrect disposition would require reversal of the final judgment. *Katz v. Carte Blanche Corp.,* 496 F.2d 747, 755 (3d Cir. 1974).

▮▮▮ As noted, mere disagreement with the district court's ruling does not constitute a "substantial ground for difference of opinion" within the meaning of § 1292(b). Rather, the "difference of opinion" must arise out of genuine doubt as to the correct legal standard. Indeed, one court in this Circuit refused to certify a previously undecided issue of law because it found the statutory language to be clear, even in the face of a squarely contradictory ruling on the same issue from another district court. *See Singh v. Daimler–Benz, AG,* 800 F.Supp. 260 (E.D.Pa.1992) (holding that the amendment to the diversity jurisdiction statute which defined a permanent resident alien as a citizen for diversity purposes gave the federal court subject matter jurisdiction over a case brought by a permanent resident alien against a nonresident alien).

Furthermore, Judge Newcomer explained that an interlocutory appeal in *Singh* would only materially advance the ultimate termination of the litigation "if the Third Circuit concludes that this court does not have jurisdiction over this case, [but] if the Third Circuit finds that this court does in fact have jurisdiction, the litigation will not be advanced, but will instead will [sic] be considerably delayed." *Id.* at 263.

Judge Newcomer was affirmed on appeal from the final judgment in *Singh,* and his focus on the risk of unnecessary delay was vindicated. The Third Circuit held that the diversity jurisdiction statute, as amended, gives federal courts subject matter jurisdiction over cases brought by permanent resident aliens against alien defendants. *Singh v. Daimler–Benz, AG,* 9 F.3d 303 (3d Cir. 1993).

### A. A Controlling Question of Law

Among other points, plaintiff seeks certification pursuant to § 1292(b) of this court's

decision to exclude evidence of the verdict and excerpts of testimony given in *Holsman v. McGraw–Hill,* Dkt. No. L–5697–90 (N.J.Super.Ct.L.Div.). Plaintiff cites, as he did in arguing the motions *in limine,* cases which are distinguishable by reason of the fact that the evidence in question was offered to show a "discriminatory atmosphere." *See Antol v. Perry,* 82 F.3d 1291, 1301–02 (3d Cir.1996) (and cases cited therein). Plaintiff has not shown, nor can he show, that the evidence offered in the *Holsman* case was related to the alleged discrimination in this case, except in the most tenuous sense, in that both Holsman and Kapossy worked for the same company. However, McGraw–Hill is a very large company. The decisionmakers involved in terminating Kapossy and Holsman were different persons, employed in different branches of the company, located in different states.

■ More importantly, this court ruled that the *Holsman* evidence was excludable under Fed.R.Evid. 403 because its probative value, if any, was substantially outweighed by the risk of unfair prejudice. This is a "controlling question of law" only in the sense that any exercise of discretion by this court is a "question of law." I am convinced, however, that § 1292(b) was never intended to put before the courts of appeals this type of "legal" question, in which the exercise of the district court's discretion is necessarily intertwined with its understanding of the facts of the case, before the factual record has been fully developed by the district court.

This court's decision to withhold from the jury evidence of pre–1985 McGraw–Hill handbooks and manuals, is more properly a strictly "legal" question. If held to be error on an appeal from an adverse verdict, this decision might require a new trial. Such a determination would depend upon a finding in the court of appeals that McGraw–Hill's pre–1985 manuals contain probative evidence which is not contained in the post–1985 manuals. However, even if reversal were required, this would satisfy only the first prong of the § 1292(b) test.

Rather than discuss each of Kapossy's numerous remaining "issues of law" *seriatim,* this court will assume, for purposes of this motion only, that the first prong of the § 1292(b) test is satisfied.

### B. Substantial Ground for Difference of Opinion

In support of his contention that he should be allowed to introduce into evidence pre–1985 employee handbooks, Kapossy points to cases, including *Woolley* itself, in which pre–1985 manuals were admitted. *Woolley,* of course, is *sui generis* and provides no support for this proposition. In *Witkowski v. Thomas J. Lipton, Inc.,* 136 N.J. 385, 643 A.2d 546 (1994), the New Jersey Supreme Court discussed only a single employee handbook, which was given to the plaintiff when he was hired in June of 1980. *Id.* at 390, 643 A.2d 546. If, as it would appear, Witkowski's employer chose not to revise its 1980 manual following the *Woolley* decision, this fact does not support the proposition that earlier versions of an employee handbook, versions which were not in use by the employer at the time *Woolley* was decided, are admissible in an action against that employer.

Recently, the Third Circuit also considered a pre–1985 employee handbook in *Varrallo v. Hammond Inc.,* 94 F.3d 842, 845 (3d Cir. 1996). Although it is not clear from the discussion, it appears that, in *Varrallo,* the 1984 manual remained in use until 1992. Thus, as in *Witkowski,* the employer apparently chose not to revise its employee manual at the time of, or following the *Woolley* decision, on May 9, 1985. In such cases, it is natural that the employer should be bound by the earlier manual, as long as this manual remained in effect well after the decision in *Woolley.* The McGraw–Hill employment manual in effect at the time *Woolley* was decided was last revised on January 28, 1985. *See* Certification of Gregory S. Schaer, Esq., in Opposition to Summary Judgment, dated Jan. 10, 1996, exhibit 29. The next revision of the manual is dated May 7, 1987. *See id.,* exhibit 30. The McGraw–Hill Handbook entitled "McGraw–Hill and You" was revised in January of 1985, *see* plaintiff's pre-marked exhibit P–5, and in January of 1987, *see* plaintiff's pre-marked exhibit P–4, and again in June of 1989, *See* plaintiff's pre-marked exhibit P–7. Because it appears that

McGraw–Hill did not act to revise its manuals and handbooks following the *Woolley* decision, until more than a year had passed, plaintiff can introduce into evidence the manuals and handbooks from, and including, the January, 1985 revisions. However, this court has barred the admission of pre–1985 manuals and handbooks pursuant to its Order filed August 8, 1996.

Plaintiff, however, sought to introduce manuals and handbooks dating from 1969. These earlier McGraw–Hill manuals were admitted into evidence in *Holsman*, because the court concluded that the disclaimers in the later manuals were ineffective. *See Transcript of Decision*, attached as exhibit 8 to Certification of Gregory S. Schaer, Esq., dated Jan. 10, 1996, at 14. The *Holsman* court concluded that the New Jersey Supreme Court's decision in *Grigoletti v. Ortho Pharmaceutical Corp.*, 118 N.J. 89, 570 A.2d 903 (1990), did not "bar a cause of action predicated on alleged wrongful discharge occurring post-Wooly [sic], but relying on a pre-Wooly [sic] employee handbook." *Id.* at 15.

Finally, *Holsman*, the only decision providing any support for plaintiff's argument, simply is not binding on this court.[3] Concerns of fundamental fairness motivated this court to hold that a cause of action such as is described by the court in *Holsman* would be barred, at least to the extent that there existed any post-*Woolley* handbooks and manuals which contained different "terms" than those allegedly found in the pre-*Woolley* manuals. *See Kapossy*, 921 F.Supp. at 246. The implication of a ruling, such as the plaintiff seeks, that a cause of action for breach of a *Woolley* contract may be entirely based upon an employee manual which was both issued and superseded prior to the *Woolley* decision, would effectively be to give retroactive effect to *Woolley*, a result which is foreclosed by *Grigoletti*. *See Grigoletti*, 118 N.J. at 116–17, 570 A.2d 903.

Plaintiff also asserts that this court's decision to dismiss plaintiff's claim for breach of an implied covenant of good faith and fair dealing is ripe for interlocutory appeal. Plaintiff relies upon a single case. *Holsman v. McGraw–Hill*, Dkt. No. L–5697–90, Order Entering Partial Summary Judgment (N.J.Super.Ct., Law Div., Mercer County, April 29, 1994), *on defendant's motion for judgment n.o.v.*, (N.J.Super.Ct., Law Div., Mercer County, Sept. 29, 1994), *aff'd in part, rev'd in part*, No. A–1364–94T3 (N.J.Super.Ct., App.Div. July 1, 1996), in which claims of both breach of an implied contract and breach of an implied covenant of good faith and fair dealing were submitted to the jury.[4] The decision to submit both claims to the jury was premised upon a finding that Holsman could recover for acts of bad faith by his employer short of breach of contract. Notably, the trial court in *Holsman* had dismissed plaintiff's NJLAD claim. *Id.*

By contrast, Kapossy has continually failed to demonstrate any ground upon which he could recover for a breach of an implied covenant of good faith and fair dealing which would not duplicate another count in his complaint. At oral argument on McGraw–Hill's motion for summary judgment, and at oral argument on the *in limine* motions, and again in his brief on this motion, plaintiff simply repeats that he could recover on his "good faith and fair dealing" claim "if the jury were to find that the defendant used age discrimination as a pretext [sic] for terminating plaintiff."

As this court understands the plaintiff, he can only mean that, if the jury were to find an implied contract created by the handbooks or manuals, it might not also find that a promise not to discriminate on the basis of

---

**3.** Indeed, the trial court's unpublished summary judgment decision in *Holsman* is not binding upon any court. Rule 1:36–3 of the New Jersey Rules of Court provides in relevant part: "No unpublished opinion shall constitute precedent or be binding upon any court." *See* Sylvia B. Pressler, *Rules Governing the Courts of the State of New Jersey* at 355.

**4.** According to the transcript of the oral argument on the motion for summary judgment in *Holsman*, the defendant contended that the "implied covenant of good faith and fair dealing" claim was barred by an effective "disclaimer" in the employee manual. *Transcript of Decision*, attached as exhibit 8 to Certification of Gregory S. Schaer, Esq., dated Jan. 10, 1996, at 5. The *Holsman* court held that the disclaimers were ineffective. *Id.* at 13.

age was a term of that contract, and therefore, if the jury found age discrimination, it could find "bad faith," outside the implied contract, on the part of the employer, which might violate a "good faith and fair dealing" standard. However, if the jury finds that McGraw–Hill discriminated against Kapossy on the basis of age, Kapossy will recover on his NJLAD claim. This avenue of recovery was closed to Holsman. The cases are irrefragably distinguishable.

More importantly, Kapossy has simply never advanced a convincing foundation for his claim for breach of the implied covenant of good faith and fair dealing. It was his burden to support the "implied covenant of good faith and fair dealing" count of his complaint when it was challenged by defendant's motion for summary judgment. Plaintiff failed to shoulder this burden, and summary judgment was entered against him.

### C. *Materially Advance the Ultimate Termination of the Litigation.*

 In his brief in support of this motion, Kapossy states that "[w]hile the instant matter is surely several years old, it is not so old that the delay occasioned by an appeal would result in any significant harm or prejudice to either party." Brief on Behalf of Plaintiff at 2. This statement completely mistakes the requirements of § 1292(b). It is not up to the opponent of certification to demonstrate harm or prejudice, or even the plaintiff's burden to show the absence of prejudice. Rather, Kapossy is obliged to show that interlocutory appeal at this juncture will "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). It is significant that plaintiff has not even attempted to persuade this court that his request for § 1292(b) certification meets this standard.

*Katz v. Carte Blanche Corp.,* 496 F.2d 747 (3d Cir.1974), is a good example of how certification can "materially advance" the litigation. In *Katz,* the district court certified, pursuant to Fed.R.Civ.P. 23(b)(3), a class of approximately 800,000 holders of Carte Blanche credit cards and simultaneously certified its order under § 1292(b). Carte Blanche, which opposed the class certification, prevailed on interlocutory appeal. As a result of the Third Circuit's ruling on interlocutory appeal, the case could be tried in the district court by a single plaintiff, without the delays attendant upon the class action notice provisions and the close judicial scrutiny that are mandated by Fed.R.Civ.P. 23.

Thus, the character of the underlying litigation in *Katz,* and the time that it would take to pursue it, were significantly altered by the Third Circuit's decision. On the other hand, had the Third Circuit affirmed the class certification on interlocutory appeal, the underlying litigation would not have been excessively delayed, principally because the class certification question arose early in the procedural history of the case. In *Katz,* therefore, from the point of view of the district court, there was much to gain and little to lose by granting leave to take an interlocutory appeal.

By contrast, this action arises out of plaintiff's termination from employment, which was final as of December 31, 1992. This case has been proceeding in this court since 1993. Discovery has been concluded. *In limine* motions have been filed and decided. Trial in this matter is scheduled to commence on Monday, October 28, 1996. If these issues were certified for interlocutory appeal, and a stay granted, under § 1292(b), trial would be postponed for an indefinite period. Ultimately, of course, there would be a trial in this matter, and that trial would be of approximately the same duration as it would have been without interlocutory appeal.

 In view of all these factors, it is clear that interlocutory appeal at this time will not materially advance the litigation, but rather, will result in further delay. "Delay is a particularly strong ground for denying appeal if certification is sought from a ruling made shortly before trial." *Baranski v. Serhant,* 602 F.Supp. 33, 36 (N.D.Ill.1985). *See also Singh,* 800 F.Supp. at 263.

### III. Conclusion

Plaintiff's request for entry of final judgment pursuant to Fed.R.Civ.P. 54(b) betrays a misunderstanding of the function and pur-

pose of the Rule. This court cannot enter final judgment as to a part of a single claim.

■ Plaintiff's request that certain issues be certified for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), and for a stay pending appeal, will also be denied because plaintiff has failed to show either a "substantial ground for difference of opinion," or that interlocutory appeal will "materially advance the ultimate termination of the litigation." The court will enter an appropriate order.

## ORDER

This matter having come before the Court on October 4, 1996, on the motions of plaintiff, Stephen Kapossy, for certification of an interlocutory appeal and a stay pending appeal pursuant to 28 U.S.C. § 1292(b), and for entry of final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, Gregory S. Schaer, Esq., of the Law Offices of Linda B. Kenney, appearing on behalf of the plaintiff, and Kerry M. Parker, Esq., of Crummy, Del Deo, Dolan, Griffinger & Vecchione, appearing on behalf of the defendant; and,

The Court having considered the briefs filed in support of and in opposition to these motions, for the reasons set forth in this Court's OPINION filed concurrently with this ORDER;

It is on this 4th day of October, 1996, ORDERED that the plaintiff's motions for certification of an interlocutory appeal and a stay pending appeal pursuant to 28 U.S.C. § 1292(b), and for entry of final judgment pursuant to Fed.R.Civ.P. 54(b) are DENIED.